| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
|  | Eric M. Lloyd (SBN 254390) |
| 2 | ELloyd@seyfarth.com |
|  | 560 Mission Street, 31st Floor |
| 3 | San Francisco, California 94105 |
|  | Telephone:  (415) 397-2823 |
| 4 | Facsimile:   (415) 397-8549 |
| 5 | SEYFARTH SHAW LLP |
|  | Yoon-Woo Nam (SBN 284644) |
| 6 | ynam@seyfarth.com |
|  | 400 Capitol Mall, Suite 2300 |
| 7 | Sacramento, CA 95814-4428 |
|  | Telephone:  (916) 498-0159 |
| 8 | Facsimile:  (916) 558-4839 |
| 9 | Attorneys for Defendant |
|  | DANIEL J. EDELMAN, INC. |

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN RITTENBERRY, | Case No. |
| Plaintiff, | **DEFENDANT DANIEL J. EDELMAN, INC.'S NOTICE OF REMOVAL** |
| v. | Original Complaint Filed: May 16, 2024 |
| DANIEL J. EDELMAN, INC., a Delaware Corporation, and DOES 1 through 10, inclusive, | San Francisco County Superior Court Case No. CGC-24-614695 |
| Defendants. | |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA and to plaintiff JORDAN RITTENBERRY ("Plaintiff") and his attorneys of record:

PLEASE TAKE NOTICE that Defendant DANIEL J. EDELMAN, INC. ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, and states that removal is proper for the following reasons:

## I. BACKGROUND

1. On May 16, 2024, Plaintiff filed a Complaint in the Superior Court of the State of California, County of San Francisco, entitled *Jordan Rittenberry v. Daniel J. Edelman, Inc., a Delaware Corporation, and DOES 1 through 10, inclusive*, designated as Case No. CGC-24-614695. In the Complaint, Plaintiff alleges causes of action against Defendant: (1) breach of contract for repatriation expenses; (2) breach of the implied covenant of good faith and fair dealing with respect to repatriation expenses; (3) breach of contract with respect to failure to pay Plaintiff pursuant to Defendant's Long Term Incentive Plan; (4) breach of the implied covenant of good faith and fair dealing with respect to Defendant's Long Term Incentive Plan; (5) adverse employment action in violation of public policy (Tameny) non-competition/retaliation; (6) violation of California Labor Code §§ 201 and 203; (7) violation of California Labor Code § 224; and (8) violation of California Labor Code § 2802.

2. On June 7, 2024, Plaintiff served Defendant with the Summons and Complaint. True and correct copies of the Summons and Complaint served on Defendant are attached to the Declaration of Eric M. Lloyd ("Lloyd Dec.") as **Exhibit 1**.

3. On July 3, 2024, Defendant filed its Answer to the Complaint in San Francisco County Superior Court. A true and correct copy of Defendant's Answer filed in San Francisco County Superior Court is attached to the Lloyd Dec. as **Exhibit 2**.

4. **Exhibits 1 and 2** constitute all of the pleadings served on Defendant and/or filed by Defendant in the state court action prior to filing this Notice of Removal. (Lloyd Dec. ¶ 5.) Other than a case management conference set for October 16, 2024, there are no pending hearings currently scheduled in the San Francisco County Superior Court in the state court action. (*Id.*)

## II. TIMELINESS OF REMOVAL

5. This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

### III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6. The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. **Plaintiff's Citizenship.** "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile"). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011). Plaintiff alleges in his Complaint that he is a "current resident of the City and County of San Francisco, State of California." (Lloyd Dec. Ex. 1, ¶ 1.)

8. **Defendant's Citizenship.** A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

9. Defendant is, and was at the time this action was instituted, a corporation organized under the laws of Delaware. (Declaration of Ana Burke ("Burke Dec.") ¶ 3.)

10. Daniel J. Edelman, Inc.'s headquarters are located in Chicago, Illinois. (Burke Dec. ¶ 4.) The majority of Daniel J. Edelman, Inc.'s executive and administrative functions take place in either Chicago, Illinois, or New York, New York, including, but not limited to, payroll, accounting, marketing, legal, human resources and information systems. (*Id.*) In addition, the majority of Daniel J. Edelman, Inc.'s executives are based in Chicago, Illinois or New York, New York. (*Id.*) Thus, Daniel J. Edelman, Inc. is a citizen of either Delaware, Illinois or New York, but not California. Thus, the requisite diversity of citizenship exists. 28 U.S.C. § 1332(c)(1).

11. In compliance with 28 U.S.C. section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

12. **Amount in Controversy.** While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold). The amount in controversy requirement is plainly satisfied here. Plaintiff alleges entitlement to $99,000 in connection with his first cause of action for breach of contract, $250,000 in connection with his *Tameny* claim, and $99,000 in connection with his wage deduction claim under Labor Code § 224. (Lloyd Dec., Ex. 1, ¶¶ 22, 43, 53.) Thus, the amount in controversy exceeds the jurisdictional minimum of $75,000.

13. Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## IV. VENUE

14. Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of San Francisco.  Therefore, venue is proper because the Northern District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V. NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

15. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Francisco.

16. This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

## VI. PRAYER FOR REMOVAL

17. Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California.

DATED:  July 8, 2024                    SEYFARTH SHAW LLP

By:     /s/ Eric M. Lloyd
    Eric M. Lloyd
    Attorneys for Defendant
    DANIEL J. EDELMAN, INC.